UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL | CIVIL ACTION |
| VERSUS | NO. 25-2271 |
| SMITTY'S SUPPLY, INC | SECTION: "J"(4) |

**MOVANTS' *EX PARTE* MOTION AND INCORPORATED MEMORANDUM FOR CLARIFICATION OF THE COURT'S STAY ORDER**

NOW INTO COURT, through undersigned counsel, come Louisiana Environmental Action Network and Northshore Riverwatch who move the Court for an order clarifying certain language in its May 18, 2026 order staying this case to allow time for settlement negotiations between the government plaintiffs and the defendant. (Rec. Doc. 19).

On August 22, 2025, an explosion and fire occurred at Defendant's lubricant oil manufacturing facility in Roseland, Tangipahoa Parish, Louisiana. On November 5, 2025, the United States and the State of Louisiana sued Defendant for Clean Water Act violations related to the causes and sequela of the explosion, among other violations. (Rec. Doc. 1). On April 21, 2026, before an Answer was even filed, Movant's moved to intervene in this matter "as a matter of right" pursuant to 33 U.S.C. § 1365(b)(1)(B). (Rec. Doc. 11). The motion was referred to the Magistrate Judge for decision. Defendant opposed the motion. (Rec. Doc. 12). The Motion to Intervene was submitted for decision on May 13, 2026. (Rec Doc. 11-2).

That same day, May 13, 2026, before the Magistrate Judge could rule on the Motion to Intervene, the Plaintiffs and Defendant filed a Consent Motion to Stay. (Rec. Doc. 18). The

motion was styled consent and not set for hearing even though undersigned counsel informed counsel for the United States that Movant's did not consent. Presumably the rationale for this is that Movants were not yet parties and so their consent was not needed.

The Parties filed a Proposed Order with their Motion to Stay. (Rec. Doc. 18-1). That order contains the following proposed language: "The case is hereby stayed for six (6) months until further order of this Court. However, this Order does not affect the Louisiana Environmental Action Network's or Northshore Riverwatch's pending Motion for Leave to File Motion to Intervene (Rec. Doc. 11)."[1] The Court signed the order, with the quoted language, on May 18, 2026. (Rec. Doc. 19).

After waiting some weeks for a decision on the Motion to Intervene, undersigned counsel contacted chambers for the Magistrate Judge and pointed out the quoted language, indicating, in Movants' understanding, that the motion was ripe for decision despite the stay. The language was duly noted by chambers. Nevertheless, almost four months have passed since the submission date and no decision has been made.

Movants' concern is that settlement negotiations between the parties are ongoing, with no participation by Movants, and the parties are expressly desirous of secrecy. (*See* Rec. Doc. 20, Status Report). It is conceivable that the parties could reach agreement and file a motion to dismiss with prejudice while Movants are still non-parties, thereby eviscerating Movants' statutory right to intervene in this suit. This matters greatly to Movants because the community looks to them to give it a voice in these proceedings. Recent news reports suggest that contaminants continue to leave Defendant's facility and enter the waterways.[2] Community

---

[1] Movant's motion is a motion to intervene, not a motion for leave to file a motion. Regardless, it is cited by record document number, so it is clear what is being referenced.

[2] "Damage, questions linger a year after Smitty's Supply disaster as company plans comeback": https://lailluminator.com/2026/08/27/smittys-year/

members often have different concerns, or levels of concern, can seek different relief than the governments, and serve as a backstop against an inadequate settlement by the governments.[3] If the Movants were parties, then their claims could not be dismissed by settlement of the governments' claims. Movants thought that allowing a ruling was the intent of the Court's Order that the stay would not impact their motion.

WHEREFORE, Movants move the Court for an order clarifying the Court's prior Order (Rec. Doc. 19) as to whether the Motion to Intervene should be decided expeditiously, despite the existence of the stay.

**WALTZER WIYGUL & GARSIDE, LLC**

*s/ Clay Garside*
Clay Garside (LA Bar # 29873)
4301 Lapalco Blvd., Ste A
Marrero, LA 70072
clay@wwglaw.com
Tele: (504) 340-6300
Fax: (504) 340-6330

**Certificate of Service**
All parties will receive the "Notice of Electronic Filing" automatically generated by the Court's Electronic Filing System. There is no party that requires conventional service.

[3] *See, e.g., United States v. EES Coke Battery, LLC*, No. 22-11191, 2026 WL 498640 (E.D. Mich. Feb. 17, 2026), (federal district court granted intervenors' request for injunctive relief to help the impacted community, in addition to relief sought by the government. The court ordered a $100,000,000 penalty for Clean Air Act violations and directed an additional $20,000,000 to be paid for projects to help the community impacted by the violations.)